AO 91 (Rev. 08/09) Criminal Complaint

FILED BY ӳM D.C.

AUG 30 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 19-8369-BER |
| CARRINGTON N. THOMAS, a/k/a "Big," | ) |
|  | ) |
|  | ) |
| *Defendant(s)* |  |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 19, 2019__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | Distribution of a Controlled substance, namely a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Joseph C. Verneer, IV DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/30/19

*Judge's signature*

City and state: West Palm Beach, FL

Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT
OF
SPECIAL AGENT
JOSEPH C. VERNEER, IV
DRUG ENFORCEMENT ADMINISTRATION
UNITED STATES DEPARTMENT OF JUSTICE

I, Joseph C. Verneer, IV, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) United States Department of Justice (DOJ), currently assigned to the Miami Field Division, West Palm Beach District Office, in West Palm Beach, Florida. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1)(e) and Title 21, United States Code.

2. I have been a SA with the DEA since February 21, 2016. Prior to my employment with DEA, I served as a Federal Air Marshal with the Federal Air Marshal Service in the New York and Miami Field Office from March 2009 to February 2016. I am currently assigned to investigations dealing with all aspects of importation, manufacturing, and distribution of illegal drugs, to include, but not limited to, heroin, fentanyl, cocaine hydrochloride and cocaine base commonly referred to as "crack" cocaine.

3. While employed with the DEA, I have received ongoing training to include classes in Basic Telecommunication Exploitation, Internet Telecommunication Exploitation and Wire and Oral Telecommunication Interceptions. As a SA with the DEA, I have conducted investigations of, and have been instructed in investigative techniques concerning the unlawful distribution of illegal narcotics, possession with intent to distribute controlled substances, importation of illegal narcotics, use of communication facilities to conduct illegal narcotics transactions, maintaining places for purposes of manufacturing, distributing or using controlled substances and conspiracies to commit these offenses, in violation of Title 21, United States Code Sections 841(a)(1), 843(b), 856, 846, 952,

and 963, respectively. Based upon this experience, and through the experience of other agents and detectives with numerous years of experience, I have also become well versed in the methodology utilized in illegal narcotics trafficking, the specific type of language used by illegal narcotics traffickers, and the unique patterns employed by narcotics organizations. I have also participated in physical surveillances, electronic surveillances, and wire surveillances. Additionally, I have arrested individuals for various drug violations and have spoken with a number of drug dealers, drug users, and informants concerning the methods and practices of drug traffickers. As a result of my law enforcement experiences, and the experience of other agents and detectives I have worked with in dealing with drug traffickers, I have found that they rarely speak openly about their illegal narcotics transactions. Instead, they use coded language to disguise their conversations about illegal narcotics transactions and also communicate via text messages.

### Purpose of this Affidavit

4. The information in this affidavit is personally known to me, or has been provided to me by other law enforcement officers, either in person or through a review of their reports. The limited purpose of this affidavit is to establish probable cause for the arrest of Carrington N. THOMAS, a/k/a "Big," for having committed the criminal offense of Distribution of a controlled substance, namely a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Accordingly, this affidavit does not set forth every fact that is known to me, or other officers, regarding Carrington N. THOMAS, a/k/a "Big."

### Controlled purchase of Heroin and Fentanyl from Carrington N. THOMAS, a/k/a "Big,"

5. On August 19, 2019, a Palm Beach County Sheriff's Office agent acting in an undercover capacity (UC) set up a controlled purchase of heroin from Carrington N. THOMAS, a/k/a "Big," (THOMAS). The UC was provided $100.00 in U.S. currency to complete the purchase. The

UC arrived at the agreed meet location, namely the "My Neighborhood Grocery Store," located at 1600 S. Dixie Hwy., Lake Worth, in Palm Beach County, within the Southern District of Florida. The UC parked in the parking lot, and an unidentified black male (UM), a/k/a "Big" later identified as THOMAS approached the passenger side window of the UC vehicle. The UC asked to purchase $100.00 of "boy" which I know based upon my training and experience to be street terminology for heroin. THOMAS agreed to assist the UC with the purchase of heroin. THOMAS then entered the UC vehicle and told the UC he only had one baggie of heroin (approximately $20.00 worth of heroin) on his person, but could get more if the UC drove him to another location. THOMAS then gave the UC a small clear plastic zipper baggie containing a brown powdery substance. THOMAS also provided his telephone number to the UC for future purchases.

6. The UC and THOMAS then drove to another location near the 800 block of South H Street, Lake Worth, in Palm Beach County, within the Southern District of Florida. Once the UC and THOMAS arrived to the location, the UC handed THOMAS $20.00 in U.S. currency for the one plastic zipper baggie of heroin THOMAS previously gave the UC. THOMAS then exited the UC vehicle and approached a group of unidentified black males. Shortly thereafter, THOMAS entered the UC vehicle and handed the UC a clear plastic baggie containing a white powdery substance. THOMAS told the UC that the white power was "fentanyl." The UC then handed THOMAS $80.00 in U.S. currency. THOMAS exited the UC vehicle and approached the same group of unidentified black males and provided them with a portion of the money. Thereafter, the UC and THOMAS left the area.

7. Later, law enforcement officers returned to the police department, processed the suspected heroin purchased from THOMAS and conducted field tests of both substances. The clear plastic zipper baggie containing the brown powdery substance field tested positive for the presence of heroin/fentanyl and weighed approximately .6 grams. The clear plastic baggie containing a white

powdery substance field tested positive for the presence of heroin/fentanyl and weighed approximately 1.2 grams.

## Conclusion

8.  Therefore, based on the facts and information set forth in this affidavit, I respectfully submit that there is probable cause to believe that on August 19, 2019, Carrington N. THOMAS, a/k/a "Big," did commit the criminal offense of Distribution of a Controlled Substance, namely a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAITH NAUGHT.

_____
JOSEPH C. VERNEER IV
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me this _30_ day of August, 2019, at West Palm Beach, Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 19-8369-BER

## BOND RECOMMENDATION

DEFENDANT: CARRINGTON N. THOMAS, a/k/a "Big,"

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Jennifer C. Nucci

Last Known Address: Unknown

What Facility:

Agent(s): S/A Joseph C. Verneer, IV
(FBI)   (SECRET SERVICE)   (**DEA**)   (IRS)   (ICE)   (OTHER)
DEA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-8369-BER

UNITED STATES OF AMERICA

vs.

CARRINGTON N. THOMAS,
a/k/a "Big,"

       Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? _____ Yes __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
JENNIFER C. NUCCI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 171700
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Jennifer.Nucci@usdoj.gov